**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, an unincorporated association, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 10 C 5431 |
| v. | ) ) | |
| PRATE INSTALLATIONS, INC., an Illinois corporation, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 27, 2010, Plaintiff Chicago Regional Council of Carpenters (the "Union") filed a Complaint for Declaratory Judgment against Prate Installations, Inc. ("Prate") in response to Prate's demands for damages based on violations of the Most Favored Nations ("MFN") clause contained in a series of Collective Bargaining Agreements ("CBAs") between the Union and the Resident Construction Employers Council ("RCEC"). On September 20, 2010, Prate filed an Answer and Counterclaim alleging a breach of contract claim under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq.*, based on the Union's alleged violations of the MFN clause. Before the Court is the Union's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) in regard to Prate's Counterclaim. For the following reasons, the Court grants in part and denies in part the Union's Rule 12(c) motion. Specifically, claim preclusion bars Prate's claims based on the 2005-2008 CBA, but not the claims based on the 2008-2009 CBA. In addition, issue preclusion does not bar the claims based on the 2008-2009 CBA or the 2009-2010 CBA.

**LEGAL STANDARD**

Rule 12(c) motions for judgment on the pleadings differ from Rule 12(b) motions to dismiss because they are brought after the pleadings are closed. *See* Fed. R. Civ. P. 12(c); *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). Despite the difference in timing, the Court reviews Rule 12(c) motions under the same standards that apply to motions to dismiss under Rule 12(b)(6). *See Buchanan-Moore,* 570 F.3d at 827; *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007). Under Rule 12(c), the Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Finch v. Peterson,* 622 F.3d 725, 728 (7th Cir. 2010); *Pisciotta,* 499 F.3d at 633. Moreover, to avoid dismissal, a plaintiff must plead sufficient facts to state a claim of relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

Rule 12(c) permits judgment based on the pleadings alone, which include the complaint, the answer, and any written instruments attached as an exhibit. *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998); Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). When determining whether the affirmative defenses of claim preclusion and issue preclusion apply, courts must necessarily look to the details of the earlier lawsuit to make any such determination. *See, e.g., Czarniecki v. City of Chicago,* ___ F.3d ___, 2011 WL 181471 (7th Cir. Jan. 21, 2011); *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) (affirmative defense of claim preclusion properly brought in Rule 12(c) motion); *see also Deicher v. City of Evansville, Wis.,* 545 F.3d 537, 541 (7th Cir. 2008) (courts may take judicial

notice of documents contained in public record).

**BACKGROUND**

Prate, as a member of the RCEC, is bound by certain CBAs between the RCEC and the Union. Specifically, the RCEC and the Union were parties to two CBAs from 1998-2001 and 2001-2005. Thereafter, the Union and RCEC negotiated subsequent CBAs, including the 2005-2008 CBA, the 2008-2009 CBA, and the 2009-2010 CBA. In the previous litigation before the Court, Prate, as Plaintiff, sought to enforce an arbitration award. *See Prate Installations, Inc. v. Chicago Reg'l Council of Carpenters,* Case No. 08 C 5377. The Court presumes familiarity with the previous lawsuit between the exact same parties as here.

In the previous lawsuit, the parties mutually selected Arbitrator James Martin to determine the parties' dispute concerning the Union's violation of the MFN clause. After eighteen days of hearings between March 13, 2007 and February 7, 2008, Arbitrator Martin awarded Prate $9,434,436 for the Union's violations of the 2001-2005 and 2005-2008 CBAs on September 3, 2008. (08 C 5377, R. 1-2, Ex. D, 9/3/08 Arbitration Award, at 18, 22-23.) The Arbitrator concluded that by permitting other construction employers to pay by piecework, but enforcing the hourly wage requirement against Prate, the Union violated the MFN clause. As such, the Arbitrator concluded:

> "[T]he union violated the Most Favored Nations article when it required Prate to pay on an hourly basis instead of by piecework from July 14, 2002 to the date of this award; that Prate is to be allowed to pay by piecework until the union establishes that it can enforce the no-piecework provision uniformly; that Prate is to be made whole for its losses, from July 14, 2002 until the date of this award in the amount of $9,434,436; that the union is to pay the reasonable and itemized attorney fees and expenses expended by Prate for the preparation and prosecution of this grievance, not to exceed $2 million.

(08 C 5377, R. 29, Summ. J. Min. Order, at 2.)

Thereafter, Prate filed the earlier federal lawsuit asking the Court to confirm the arbitration award and the Union sought to vacate the arbitration award on the grounds that Arbitrator Martin exceeded the scope of his authority. On May 6, 2009, the Court granted in part and denied in part the parties' cross-motions for summary judgment. In particular, the Court partially vacated the arbitration award, namely, the equitable portion and the damages award of $4,284,355. The Court confirmed the award of $5,150,081 and attorney's fees. The Court specifically determined that Arbitrator Martin exceeded the scope of his authority in determining disputes between the parties for the period of time after September 30, 2005 because after that date the 2005-2008 CBA governed the Union's and Prate's contractual relationship and that the 2005-2008 CBA created a standing panel of five rotating arbitrators for the resolution of disputes to which Arbitrator Martin was not a member. The Seventh Circuit affirmed the Court's summary judgment order on June 4, 2010. *See Prate Installations, Inc. v. Chicago Reg'l Council of Carpenters,* 607 F.3d 467, 474 (7th Cir. 2010).

## ANALYSIS

**I.      Statute of Limitations**

The Court first addresses the threshold matter of whether Prate has filed the present Counterclaim based on Section 301 of the LMRA in a timely fashion. "Claims asserted under § 301 of the LMRA are not governed by a specific statute of limitations, and therefore courts reviewing claims under that section must borrow an appropriate limitations period." *Jones v. General Elec. Co.,* 87 F.3d 209, 211 (7th Cir. 1996). When a federal statute is silent to the limitations period, federal courts borrow the most analogous state law statute of limitations. *See Young v. Verizon's Bell Atlantic Cash Balance Plan,* 615 F.3d 808, 815-16 (7th Cir. 2010);

4

*Jones*, 87 F.3d at 211. "A narrow exception to this standard borrowing rule exists when analogous state statutes of limitations would frustrate or significantly interfere with the implementation of national policies or would be at odds with the purpose or operation of federal substantive law." *Johnson,* 87 F.3d at 211; *see also Berger v. AXA Network, LLC,* 459 F.3d 804, 808-09 (7th Cir. 2006).

Based on these standards, the Seventh Circuit explains that "in so-called 'hybrid' cases involving claims against both the employer for breach of contract and against the union for a breach of its duty of fair representation, the Supreme Court has held that federal law provides a six-month time limit in accordance with § 10(b) of the National Labor Relations Act" because such cases "implicate federal labor law and important national policies." *Jones,* 87 F.3d at 211-12 . On the other hand, there are straightforward Section 301 cases where an employer brings a breach of the collective bargaining agreement claim against a union, "in which borrowing an applicable state statute of limitations for breach of contract remains the rule." *Id*. at 212. In Illinois, the statute of limitations for a breach of contract claim based on a written instrument is ten years. *See* 735 ILCS 5/13-206.

Here, Prate's Counterclaim is a straightforward Section 301 claim in which Prate alleges a breach of contract claim against the Union based on the MFN clause of the relevant CBAs. Under the circumstances, the Illinois ten-year limitations period applies, and thus Prate's Counterclaim is timely. *See, e.g., Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc.,* No. 03 C 6867, 2007 WL 6080197, at *28 (N.D. Ill. Aug. 27, 2007); *D'Amico* v. *Building Material,* No. 02 C 0120, 2002 WL 1332917, at *2 (N.D. Ill. June 18, 2002).

5

## II.     Claim Preclusion – Res Judicata

Next, the Union argues that Prate's claims as to the 2005-2008 and 2008-2009 CBAs are barred by claim preclusion.[1] "In general, the doctrine of claim preclusion or res judicata bars a party from asserting a claim that has already been resolved in another lawsuit between the same parties or those in privity with them, and the doctrine reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not." *Russian Media Group, LLC v. Cable Am., Inc.,* 598 F.3d 302, 310 (7th Cir. 2010); *see also Allan Block Corp. v. County Materials Corp.,* 512 F.3d 912, 916 (7th Cir. 2008) ("doctrine of res judicata bars a person from splitting his claim between two suits"). "The doctrine of claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *In re Ingersoll, Inc.,* 562 F.3d 856, 861 (7th Cir. 2009).

The federal law of claim preclusion applies under the circumstances because a federal court decided the earlier judgment. *Ross ex rel. Ross v. Board of Educ. of Twp. High Sch. Dist. 211,* 486 F.3d 279, 283 (7th Cir. 2007). Under federal law, claim preclusion has three elements: (1) the same litigants; (2) a dispute arising from the same transaction; and (3) a final decision in the first lawsuit. *See U.S. ex rel. Lusby v. Rolls-Royce Corp.,* 570 F.3d 849, 851 (7th Cir. 2009); *see also Czarniecki v. City of Chicago,* ___ F.3d ___, 2011 WL 181471. Because claim preclusion is an affirmative defense, the Union has the burden of establishing that claim preclusion bars Prate's Counterclaim. *See Taylor v. Sturgell,* 553 U.S. 880, 907, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

---

[1] The Union concedes that Prate could not have brought its claim in regard to the 2009-2010 CBA in the previous lawsuit because that CBA did not come into effect until October 1, 2009, after the Court's final order in the parties' prior lawsuit.

The parties do not dispute that they are the same litigants as in the earlier lawsuit under the first claim preclusion element. Instead, the Union argues that Prate's prior lawsuit and the present lawsuit are based on the "same transaction" under the second element of claim preclusion. Specifically, the Union contends that the prior lawsuit involved both the 2001-2005 and 2005-2008 CBAs. On the other hand, Prate maintains that its Counterclaim in the present action and the claims in the prior lawsuit do not arise from the same transaction because the present lawsuit is based on different contracts. More specifically, Prate argues that this lawsuit involves the 2005-2008, 2008-2009, and 2009-2010 CBAs, whereas, the first lawsuit was based only on the 2001-2005 CBA. Thus, Prate is arguing that the breach of these subsequent CBAs gives rise to an independent cause of action.

Under the circumstances, Prate's breach of contract claims based on the MFN clauses in the 2001-2005 and 2005-2008 CBAs have already been litigated in the earlier lawsuit. To clarify, Prate argued in the first lawsuit that the Union's breach of the MFN clause was a continuing violation that breached both the 2001-2005 and 2005-2008 CBAs. (*See* 08 C 5377, R. 1, Compl. ¶ 6; R. 21, 12/18/08 Summ. J. Mem., at 10; R. 26, 1/23/09 Resp. Mem., at 3-4.) As such, Prate's claims in the present lawsuit based on the 2005-2008 CBA involve the "same transaction" as the prior lawsuit under the second element of claim preclusion. *See Allan Block Corp.,* 512 F.3d at 916. Moreover, Prate's argument that the current case does not involve identical claims to the prior lawsuit based on the new allegations of invalidity fails because litigants cannot "maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory." *Carr,* 591 F.3d at 913-14.

That being said, the Union also argues that Prate should have filed a compulsory counterclaim pursuant to Rule 13(a)(1) in the earlier lawsuit based on the 2008-2009 CBA. *See Russian Media Group,* 598 F.3d at 310 (claim preclusion "reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not."); *Allan Block Corp.*, 512 F.3d at 915 ("Failing to file a compulsory counterclaim ... normally preclude[s] it [from] being made the subject of another lawsuit."). The Union, however, fails to establish that any such counterclaim was compulsory, namely, that it involved the same transaction or occurrence as in the previous lawsuit. *See Ross*, 486 F.3d at 284. More specifically, Prate filed the previous lawsuit based on the narrow issue of confirming Arbitrator Martin's September 3, 2008 arbitration award. *See* 29 U.S.C. § 185. The 2008-2009 CBA did not become effective until October 1, 2008, as alleged in the Union's present Declaratory Judgment Complaint, and thus Arbitrator Martin did not consider any claims brought pursuant to the 2008-2009 CBA. (*See* R.1, Compl. ¶¶ 17, 18.) Because the 2008-2009 CBA was not the subject of the underlying arbitration, Prate was not required to file a compulsory counterclaim based on this CBA. *See Consolidation Coal Co. v. United Mine Workers of Am., Local Union 1545*, 213 F.3d 404, 408 (7th Cir. 2000) (different arbitrations are separate transactions or occurrences under Rule 13(a)).

As to the third element of claim preclusion, the Court rejects Prate's argument that the Court's May 6, 2009 order in the previous lawsuit was not a final judgment. Both Prate and the Union filed notices of appeal after the Court's summary judgment ruling in the 08 C 5377 matter. Prate specifically argued that the Seventh Circuit had jurisdiction to hear the appeal based on the Court's "final judgment" dated May 6, 2009. (R. 40, Notice of Appeal; 09-2417, R. 8, Prate App. Brief, Juris. Stmt., at 1.) Because a final judgment under 28 U.S.C. § 1291 is

8

enough to establish finality for purposes of claim preclusion, Prate's argument is without merit. *See Ross,* 486 F.3d at 284. Accordingly, the Union has met its burden in establishing that claim preclusion bars Prate's breach of contract claim based on the 2005-2008 CBA, but not the 2008-2009 CBA.

### III. Issue Preclusion – Collateral Estoppel

Next, the Union contends that Prate is collaterally estopped from bringing its breach of contract claim based upon the 2008-2009 and 2009-2010 CBAs. Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor,* 553 U.S. at 892 (citation omitted); *Specialized Seating, Inc. v. Greenwich Indus., LP,* 616 F.3d 722, 728 (7th Cir. 2010) ("issue preclusion (collateral estoppel) applies only to issues actually and necessarily resolved in the first case"). The preclusive effect of a federal court judgment is determined by federal common law. *See id.* The party seeking to invoke issue preclusion must establish the following elements: "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *H-D Michigan, Inc. v. Top Quality Serv.*, *Inc.,* 496 F.3d 755, 760 (7th Cir. 2007) (citation omitted); *see also Dexia Credit Local v. Rogan*, ___ F.3d ___, 2010 WL 4751739, at *13 (7th Cir. Nov. 24, 2010).

As the Union admits in making its compulsory counterclaim argument, Prate did not bring a claim pursuant to the 2008-2009 CBA in the parties' previous lawsuit, and thus it was not

actually litigated under the second element of issue preclusion. Likewise, the issue of whether the Union breached the MFN clause in the 2009-2010 CBA was not actually litigated in the 08 C 5377 matter because the 2009-2010 CBA was not in effect prior to the Court's final judgment in the prior lawsuit. *See* Restatement (Second) of Judgments § 27, cmt. d ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated"); *see also Marrese v. American Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 382-83, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (Restatement of Judgments reflects contours of federal common law of claim and issue preclusion). Accordingly, the Union has failed in its burden of establishing that issue preclusion bars the claims based on the 2008-2009 and 2009-2010 CBAs.

## IV.     Timeliness and Exhaustion

Next, the Union argues that the 2005-2008, 2008-2009, and 2009-2010 CBAs had contractual time limits and exhaustion requirements for grievance procedures that Prate failed to follow. Accepting Prate's well-pleaded allegations in its Counterclaim as true and drawing all reasonable inferences in Prate's favor – as the Court is required to do at this procedural posture – Prate alleges that because the Union and RCEC never created a permanent arbitration board as required under the 2008-2009 and 2009-2010 CBAs, any such requirements are meaningless. Indeed, the Union unequivocally alleges in its Declaratory Judgment Complaint that:

> There exists an actual controversy between Plaintiff and Defendant as to whether the Defendant is required to utilize the grievance procedure contained in the 2005-2008, 2008- 2009, and 2009-2010 RCEC Agreements and whether the grievance procedure is valid and enforceable and whether Defendant's attempts to submit its dispute to an alternate forum is in violation of those agreements.

(Compl. ¶ 73).

Therefore, the Union's timeliness and exhaustion arguments, including the argument that Prate failed to file a timely grievance pertaining to the now expired 2008-2009 CBA, fail at this stage of the proceedings.

**V.     Savings Clause**

The Union also contends that even if the arbitration provision in the Settlement of Disputes Article in the 2005-2008, 2008-2009, and 2009-2010 CBAs is void and invalid – as Prate alleges in its affirmative defenses – the Savings Clause at Article 38.1 of the relevant CBAs requires that the parties renegotiate these provisions.  As such, the Union argues that the Court should require the parties to cure the alleged defects through contract negotiation instead of this lawsuit.  The CBAs, however, are between the Union and the RCEC, not between Prate and the Union. (R. 1, Compl., Exs. A, B, & C.)  Because Prate was not a party to these CBAs, it does not have the ability to renegotiate a contract between the Union and the RCEC.  Therefore, the Union's Savings Clause argument is without merit.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Plaintiff's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**Dated**: January 31, 2011

                                                      **ENTERED**

                                                      _____
                                                      **AMY J. ST. EVE**
                                                      **United States District Court Judge**