# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5431 | **DATE** | 6/20/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters vs. Prate Installations, Inc. | | |

**DOCKET ENTRY TEXT**

The Court denies Prate Installations, Inc.'s motion to reconsider or clarify or alternatively to amend [58].

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On January 31, 2011, the Court granted in part and denied in part Plaintiff/Counter-Defendant Chicago Regional Council of Carpenters' (the "Union") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court presumes familiarity with its January 31, 2011 ruling and the parties' prior lawsuit in front of this Court, 08 C 5377. Before the Court is Defendant/Counter-Plaintiff Prate Installations, Inc.'s ("Prate") motion for reconsideration and to clarify or alternatively to certify an issue for appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, the Court, in its discretion, denies Prate's motion in its entirety.

## LEGAL STANDARD

Because the Court's January 31, 2011 Memorandum, Opinion, and Order did not dispose of this case in its entirety, the Court reviews Prate's reconsideration motion under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because the Court may revise such orders at any time before entering final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010).

## BACKGROUND

On August 27, 2010, the Union filed a Complaint for Declaratory Judgment against Prate pursuant to Section 301 of the Labor Management Relations Act ("LMRA") in response to Prate's demands for damages based on violations of the Most Favored Nations ("MFN") clause contained in a series of Collective Bargaining Agreements ("CBAs") between the Union and the Resident Construction Employers Council ("RCEC"). *See* 29 U.S.C. § 185, *et seq.*; 28 U.S.C. § 2201, *et seq.* On September 20, 2010, Prate filed an Answer and Counterclaim alleging a breach of contract claim under Section 301 of the LMRA based on the Union's alleged violations of the MFN clause.

On October 11, 2010, the Union filed a motion for judgment on the pleadings pursuant to Rule 12(c) concerning Prate's Counterclaim that the Court granted in part and denied in part on January 31, 2011. Specifically, the Court concluded that claim preclusion barred Prate's claims based on the 2005-2008 CBA, but not the claims based on the 2008-2009 CBA. In addition, the Court concluded that issue preclusion did not bar Prate's claims based on the 2008-2009 CBA or the 2009-2010 CBA.

## ANALYSIS

In the present motion for reconsideration, Prate argues that the Court made a manifest error of law and fact in determining that claim preclusion barred Prate's claims based on the 2005-2008 CBA. As the Court explained in its January 31, 2011 Memorandum, Opinion, and Order, the federal law of claim preclusion applies under the circumstances because a federal court decided the earlier judgment. *See Ross ex rel. Ross v. Board of Educ. of Twp. High Sch. Dist. 211,* 486 F.3d 279, 283 (7th Cir. 2007). Under federal law, claim preclusion has three elements: (1) the same litigants; (2) a dispute arising from the same transaction; and (3) a final decision in the first lawsuit. *See Czarniecki v. City of Chicago,* 633 F.3d 545, 548 (7th Cir. 2011).

First, Prate argues that the breach of the 2005-2008 CBA was not a claim before the Court in the parties' earlier lawsuit, and thus the "arising from the same transaction" element was lacking. In particular, Prate argues that the Court's citations to the record do not support its conclusion that: "Prate argued in the first lawsuit that the Union's breach of the MFN clause was a continuing violation that breached both the 2001-2005 and 2005-2008 CBAs." (R. 31, 1/31/11, Mem., Op., & Order, at 7.) The Court relied upon allegations in Prate's Complaint and arguments Prate made at summary judgment in the 2008 lawsuit to support its conclusion. Upon further review, Prate's Complaint in the 2008 lawsuit – not a model of clarity, especially because it references an undated version of the parties' Interim Agreement – does state that the 2001-2005 CBA controlled the parties' prior action. (08 C 5377, R. 1, Compl. ¶ 6, Ex. A, B.) Thus, the Court misunderstood this allegation.

That being said, Prate concedes that it argued to the arbitrator that the Union's MFN violations were continuing at the time the arbitrator heard the 2003 grievance in 2008. (R. 43, Reply Brief, at 2-3.) In fact, Prate

argued, and the arbitrator agreed, that the arbitrator had authority to award damages through the date of his conclusion, which was after October 1, 2005 – the day the 2005-2008 CBA went into effect. Further, Prate made this argument to the Court in the earlier lawsuit at summary judgment as discussed in the Court's January 31, 2011 opinion. Finally, Prate argued that the continuing violation doctrine supported the arbitrator's award of damages with respect to post 2001-2005 CBA damages on appeal to the Seventh Circuit. (09-2453, R. 10, Opening Brief, at 23-24; R. 13, Reply Brief, at 5-6.)

In essence, Prate argues that although it was entitled to damages for the time period when the 2005-2008 CBA was in effect, the 2005-2008 CBA did not control the parties' disputes in the earlier lawsuit. Prate, for example, argued at summary judgment that:

> [A]s the arbitrator also correctly concluded, because this dispute has been pending under the arbitration provisions of the prior CBA, and because the grievance is one in the nature of a continuing violation, Prate was entitled to maintain this action before the arbitrator. To require Prate to file a separate grievance and pursue it through another arbitration proceeding, would simply result in a waste of the parties' resources.

(08 C 5377, R. 21, Summ. J. Mem., at 10-11.)

Based on Prate's arguments under the continuing violation doctrine, as well as its contention that filing a separate grievance to bring a claim under the 2005-2008 CBA would be a waste of time, the two CBAs were part of the same commercial relationship, and thus were a single transaction for purposes of claim preclusion. *See Allan Block Corp.,* 512 F.3d 912, 916 (7th Cir. 2008) (citing Restatement (Second) of Judgments § 24). To clarify, Section 24(2) of the Restatement (Second) of Judgments teaches:

> What factual grouping constitutes a "transaction" and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24(2); *see Marrese v. American Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 382-83, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (Restatement of Judgments reflects contours of federal common law of claim preclusion). As such, although Prate may have initiated the prior lawsuit based on the 2001-2005 CBA, after reviewing Prate's arguments and actions as they unfolded during that lawsuit and on appeal, the "factual grouping" of the CBAs and Prate's claims against the Union under the CBAs constitute a single transaction for purposes of claim preclusion. Therefore, Prate has failed to establish that the Court committed a manifest error of fact or law as to the second claim preclusion element.

Next, Prate argues that the Court misinterpreted its argument that the May 6, 2009 order was not a final order with respect to the claims under the 2005-2008 CBA. Prate clarifies that with respect to the 2001-2005 CBA, the May 6, 2009 order was a final order. In its reconsideration motion, Prate argues that the May 6, 2009 was not a final order as to the 2005-2008 CBA because the only applicable CBA in that lawsuit was the 2001-2005 CBA. As discussed above, based on Prate's arguments and actions in the prior lawsuit, the 2005-2008 CBA was also applicable to the parties' prior lawsuit. Therefore, Prate's arguments on reconsideration concerning the third element of claim preclusion are unavailing.

Prate also requests that if the Court is unwilling to reinstate Prate's claim for breach of the 2005-2008 CBA, the Court should amend the January 31, 2011 order to clarify the precise claim in the parties' earlier lawsuit that is now precluded. In short, Prate is asking the Court to review the parties' Rule 12(c) submissions, as well as

the parties' submissions in the earlier lawsuit, and – without any more guidance than Prate's bare-boned request – explain what precise claims are precluded. First, it is not the Court's role to research and construct the legal arguments for Prate. *See Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir. 1996); *see also Judge v. Quinn,* 612 F.3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.") (citation omitted). Second, the precise claims that are precluded are any claims arising out of the 2005-2008 CBA. *See Russian Media Group, LLC v. Cable Am., Inc.,* 598 F.3d 302, 310 (7th Cir. 2010) ("the doctrine reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not").

Finally, the Court denies Prate's request to certify for appeal the Court's claim preclusion determination pursuant to 28 U.S.C. § 1292(b) because Prate fails to satisfy the requirement that the appellate court's resolution of this issue will expedite the ultimate termination of the present litigation. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 624 (7th Cir. 2010); *Ahrenholz v. Board of Trs. of Univ. of Ill.,* 219 F.3d 674, 676 (7th Cir. 2000). In fact, any such certification under the circumstances would grind the present proceedings to a halt. *See Ahrenholz,* 219 F.3d at 676.